UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>DBDR LIMITED PARTNERSHIP,<br><br>          Debtor.<br><br><br>DBDR LIMITED PARTNERSHIP,<br><br>          Appellant,<br><br>v.<br><br>UNITED STATES TRUSTEE,<br><br>          Appellee. | Case No. 1:13-cv-00048-EJL<br><br>Bankr. Case No. 11-41177-JDP<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Appellant's attorney, Randal J. French of the law firm, Bauer & French, appeals the Bankruptcy Court's order denying his application for employment. Debtor DBDR Limited Partnership ("Debtor" or "DBDR"), who had filed for bankruptcy under Chapter 11 of the Code, sought to employ Mr. French and had paid him a retainer of $10,000

**MEMORANDUM DECISION AND ORDER - 1**

prior to filing. The application for approval of employment characterized the retainer as an "advance payment retainer" from the Debtor. However, the bankruptcy court found that the advance payment retainer was really a security retainer, and therefore, was property of the bankruptcy estate. The court's finding required that French seek approval and authorization pursuant to § 330 of the Code[1] before he could draw against it to pay his fees. Because the employment application did not contemplate that the retainer would be reviewed under § 330, the bankruptcy court denied the application.

The Trustee raised two jurisdictional arguments on appeal, contending that this Court lacks jurisdiction because DBDR failed to comply with Rule 8002. This Court concurs, and will dismiss the appeal for lack of jurisdiction.

## FACTS

Mr. French, on behalf of chapter 11 debtor in possession DBDR, filed on July 15, 2011, an application to employ Bauer & French to represent DBDR in its chapter 11 bankruptcy case. The employment application disclosed DBDR agreed to pay $225 per hour for all services rendered; that DBDR had already paid $10,000, of which $8,961 was an advance payment retainer; that after Bauer & French had applied the retainer, DBDR would have no further right to the amounts paid; but that Bauer & French would credit the retainer against all time expended and would account for all time and expenses incurred. The employment application did not seek employment under any specific provision of the Bankruptcy Code.

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. All "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

**MEMORANDUM DECISION AND ORDER - 2**

The United States Trustee objected to the application, arguing that DBDR retained an interest in the unearned portion of the retainer, and that interest was property of the bankruptcy estate under § 541. Because the fee agreement would allow the firm to receive compensation from the bankruptcy estate without review under § 330(a), the Trustee requested that the employment application be denied.

On October 21, 2012, the bankruptcy court held a hearing on the application to employ Bauer & French, the firm's fee application, and the Trustee's motion to disgorge the $8,961 retainer. On December 14, 2012, the bankruptcy court issued an oral ruling, finding that the fee agreement was, in actuality, a disguised security retainer and the unearned portion at the time the petition was filed became property of DBDR's bankruptcy estate. The bankruptcy court held that, notwithstanding the language of the fee agreement, when the retainer was paid the fees had not been earned, and would not be earned until counsel provided the post-petition services in the Chapter 11 case. The bankruptcy court further held that the Code required prior court approval, and that the retention agreement was inappropriate in the context of the case. The bankruptcy court denied the application for employment.

The oral ruling of December 14, 2012, constituted the order appealed from. The initial time for filing a notice of appeal was fourteen days, and expired December 28, 2012. DBDR timely filed a motion for extension on December 24, 2012. The bankruptcy court granted the motion, authorizing the filing of a notice of appeal on or before January 18, 2013. On January 18, 2013, DBDR filed a second motion to extend, which motion

**MEMORANDUM DECISION AND ORDER - 3**

was granted the same date, purportedly extending the appeal deadline to February 8, 2013. The notice of appeal was filed on January 25, 2013.

In addition to arguing the bankruptcy court's decision should be affirmed on the merits, the Trustee argues that the appeal should be dismissed as untimely, because the bankruptcy court had no authority to grant a second extension based on the motion filed by DBDR and the court's findings granting the second motion.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(A) and § 1334(b). This Court has jurisdiction over final orders of the bankruptcy court. 28 U.S.C. § 158(a). The order denying Mr. French's application for employment, however, was not a final order, but was interlocutory. *Sec. Pac. Bank Washington v. Steinberg* (*In re Westwood Shake & Shingle, Inc.*), 971 F.2d 387, 389 (9th Cir. 1992) (when the "underlying bankruptcy court order involves the appointment or disqualification of counsel, courts have uniformly found that such orders are interlocutory.").

Appellant did not file the requisite motion for leave to appeal. *See* Rule 8003(a) (outlining the requirements of a motion for leave to appeal). But, in the absence of the required motion, and presuming the notice of appeal was timely, the Court may grant leave to appeal and consider the notice as a motion for leave to appeal. Fed. R. Bankr. P. 8003(c); 28 U.S.C. § 158(a)(3) (the district court has jurisdiction to hear appeals from interlocutory orders and decrees with leave of the court). The Court now turns to Trustee's argument that the notice of appeal was not timely. A finding of untimeliness

**MEMORANDUM DECISION AND ORDER - 4**

would preclude the Court from exercising its discretion to hear the appeal, because it would lack jurisdiction.

The Trustee argues that the notice of appeal was untimely because DBDR sought not one, but two, extensions of the time period, which Trustee argues is not permissible under Rule 8002(c) absent a finding of excusable neglect. Rule 8002(a) prescribes a fourteen-day period from the date of entry of the order appealed from. Rule 8002's deadline is jurisdictional, and a failure to file a timely notice of appeal bars appellate review. *Wiersma v. Bank of the West* (*In re Wiersma*), 483 F.3d 933, 938 (9th Cir. 2007). The time limits of Rule 8002 are strictly enforced. *Alexander v. Bleau* (*In re Delaney*), 29 F.3d 516, 518 (9th Cir. 1994).

Here, the order denying DBDR's application to employ French was entered on December 14, 2012. The fourteen day deadline expired on December 28, 2012. DBDR timely filed its motion for extension on December 24, 2012. The bankruptcy court granted the motion, extending the time to file a notice of appeal to January 18, 2013. On January 18, 2013, DBDR filed a second motion to extend, which motion was granted the same date, extending the appeal deadline to February 8, 2013. The notice of appeal was filed on January 25, 2013.

Although the Trustee did not object to either extension, the Trustee argues that the maximum allowable extension would have been 21 days from the original appeal deadline, or 14 days from the entry of the order granting the motion, whichever was later, and that DBDR's second request for an extension was improper under the rules absent a finding of excusable neglect by the bankruptcy court. Consequently, DBDR argues this

**MEMORANDUM DECISION AND ORDER - 5**

Court lacks jurisdiction to consider the appeal. DBDR, on the other hand, contends that Rule 8002(c) does not limit the number of extensions a party may seek, and even if it did, that Trustee waived any basis to object to the extension. Further, DBDR asserts that a finding of excusable neglect is warranted here, because the bankruptcy court urged the parties to negotiate, and the parties did so, before DBDR filed its notice of appeal.

Rule 8002(c)(2) states that a motion to "extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 21 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect. An extension of time for filing a notice of appeal may not exceed 21 days from the expiration of the time for filing a notice of appeal otherwise prescribed by this rule or 14 days from the date of entry of the order granting the motion, whichever is later." Under the rule, the bankruptcy court may not extend the time beyond the 21 day period "otherwise prescribed by this rule," meaning the bankruptcy court may not permit an extension more than 21 days beyond the 14 day appeal period. *Anderson v. Mouradick* (*In re Mouradick*), 13 F.3d 326, 328 (9th Cir. 1994). Alternatively, the rule requires that the bankruptcy court find excusable neglect if the request for extension is filed within the 21 days following the expiration of the 14 day appeal period. *Slimick v. Silva* (*In re Slimick*), 928 F.2d 304, 306 (9th Cir. 1990).

Here, the initial January 18, 2013, extension deadline was twenty-one days from the fourteen day appeal deadline of December 28, 2012. The first motion for an extension and order was properly issued under Rule 8002(c)(2). The second motion requesting the

**MEMORANDUM DECISION AND ORDER - 6**

extension of time, filed on January 18, 2013, was timely filed under Rule 8002(c)(2), which allows a motion for extension filed not later than twenty-one days after the expiration of the fourteen day period. But the bankruptcy court was not authorized to extend the time beyond January 18, 2013, absent a showing and finding of excusable neglect. DBDR did not raise in its second motion for an extension, nor did the bankruptcy court decide, the issue of excusable neglect. Instead, DBDR attempts to present grounds for an excusable neglect finding its reply brief.

Rule 8002(c) requires that the issue of excusable neglect be raised within the thirty five (35) day window of Rule 8002. *Shareholders v. Sound Radio, Inc.*, 109 F.3d 873, 879 (3rd Cir. 1997) (strictly construing Rule 8002, and finding that the rule does not allow a party to claim excusable neglect after the $30^2$ day period has expired). *See also Visconti v. Ehrenberg* (*In re Axium Intern., Inc.*), 2011 WL 6934432 (B.A.P. 9th Cir. 2006) (Rule 8002(c) allows a motion to extend time to be filed within the 21 days after the initial 14 day appeal period has expired, but requires a showing of excusable neglect). Contrary to DBDR's argument, this Court cannot determine now whether excusable neglect exists, because Rule 8002 specifically provides that a request for extension of time to file a notice of appeal, and the requisite finding of excusable neglect, be submitted to and decided by the bankruptcy court.

Because DBDR did not raise excusable neglect within the time limits of Rule 8002(c), and the Bankruptcy Court did not have the authority to enter a second order

---

[2] When *Shareholders* was decided, the time limitations set forth by Rule 8002 were 10 days and 20 days, for a total of 30 days. The Bankruptcy Rules were amended in 2009, to extend those deadlines to 14 days and 21 days, for a total of 35 days.

**MEMORANDUM DECISION AND ORDER - 7**

extending the appeal deadline without so finding, this Court cannot consider DBDR's arguments and lacks jurisdiction to hear DBDR's appeal.[3]

Even if the Court could consider DBDR's arguments on the merits, this Court would rely on the Ninth Circuit Bankruptcy Appellate Panel decision in *Danner v. U.S. Trustee* (*In re Danner*), and *Werry v. U.S. Trustee* (*In re Werry*), which were resolved together by the same appellate panel, and available at 2012 WL 3205242 (B.A.P. 9th Cir. July 31, 2012). In *Danner* and *Werry*, Mr. French represented debtors in their Chapter 11 cases, and entered into an employment arrangement almost identical to the one here, requesting an "advance payment retainer" for both pre and post-petition services. Identical to the application here, Mr. French disclosed he would charge an hourly fee for services and credit the services performed both before and after the debtors' filings against the retainer.

The bankruptcy court found that the retainers were security retainers, and held that it was improper for Mr. French to accept prepetition fees for post-petition services without receiving authorization by the bankruptcy court under the requirements of § 330. The employment applications were denied, and the Bankruptcy Appellate Panel affirmed

---

[3] While the Court recognizes its ruling may be a harsh result considering the parties were attempting to negotiate a resolution per the Bankruptcy Court's directive, DBDR failed to set forth the requisite grounds for excusable neglect in its second motion for an extension. Further, there was nothing preventing DBDR from filing a prophylactic notice of appeal on January 18, 2013 to preserve its timely appeal and then seeking an extension of the briefing schedule with the District Court to negotiate a settlement with the Trustee. The time requirements in Rule 8002 derive from the need for finality of judgments and an end to litigation and this Court is without jurisdiction to retroactively find excusable neglect under Rule 8002. DBDR's other argument, that the Trustee waived its right to object to the late filing, is misplaced. Parties cannot waive jurisdictional filing requirements. *See U.S. v. Green*, 89 F.3d 657, 660 (9th Cir. 1996) (compliance with the filing requirements of Fed. R. App. P. 4 are mandatory and jurisdictional, and cannot be waived).

**MEMORANDUM DECISION AND ORDER - 8**

the bankruptcy court's two decisions. 2012 WL 3205242 at * 6. The bankruptcy court relied upon the holding of the appellate panel in this matter, considering the fee agreements in *Danner* and *Werry* were nearly identical to Mr. French's fee agreement in this matter. If this Court had jurisdiction to consider the merits of the appeal, this Court would likely affirm the bankruptcy court's decision for the same reasons the BAP did in *Werry* and *Danner*.[4]

## ORDER

**IT IS HEREBY ORDERED** that the appeal (Dkt. 1) is **DISMISSED** based on a lack of jurisdiction.

DATED: September 25, 2013

Edward J. Lodge
United States District Judge

---

[4] The BAP's decision is currently on appeal to the Ninth Circuit, Case No. 12-60059.

**MEMORANDUM DECISION AND ORDER - 9**